**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**HERBERT CUMMINGS**                                                                                   **PLAINTIFF**

**V.**                                         **3:08CV00200-WRW**

**DAVID BURNETT, Circuit Court Judge
and SHAUN HAIR, Public Defender**                                                     **DEFENDANTS**

<u>**ORDER**</u>

Pending is Plaintiff's Motion to Proceed *In Forma Pauperis* under 28 U.S.C. § 1915 (Doc. No. 1).

**I.    BACKGROUND**

Plaintiff, an inmate at the Crittenden County Detention Facility, is awaiting trial on some state charges. Plaintiff has issues with his appointed lawyer and the trial judge because they "tried to convince [him] to cop out for 3 yrs to do and 3 yrs SIS without knowing anything about [his] case."[1] Plaintiff's lawyer requested and the trial judge granted the request to have Plaintiff "mentally evaluated."[2] Essentially, Plaintiff disagrees with how things are proceeding in the pending state court case before Judge Burnett. Plaintiff feels that Judge Burnett "is being bias" and his lawyer "will and has not handled [his] case properly."[3]

**II.   DISCUSSION**

Under *Rooker-Feldman*, federal courts, other than the United States Supreme Court, do not have subject matter jurisdiction to hear challenges to state court judgments.[4] If a "federal

---

[1] Doc. No. 2.

[2] *Id.*

[3] *Id.*

[4] *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000).

1

claim succeeds only to the extent that the state court wrongly decided the issue before it," the claim may not be heard by the federal court.[5]  The Eighth Circuit has held:

> A federal district court has jurisdiction over general constitutional challenges if these claims are not inextricably intertwined with the claims asserted in state court. A claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. In other words, *Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling.[6]

Plaintiffs' claims stem from an on-going criminal case in state court.  To grant Plaintiffs' relief would effectively amount to a reversal of the state court's decisions.  Accordingly, under the *Rooker-Feldman* doctrine, this court lacks jurisdiction to review Plaintiffs' claims.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiff's Motion to Proceed *In Forma Pauperis* under 28 U.S.C. § 1915 (Doc. No. 1) is DENIED and this CASE is DISMISSED.

IT IS SO ORDERED this 10th day of December, 2008.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE

---

[5]*Id.*

[6]*Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995).